UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4333

ALAN BERNARD BOSTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4779

ALAN BERNARD BOSTON,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-98-733)

Submitted: April 25, 2000

Decided: August 7, 2000

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. Gressette, Jr., Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. Alfred William Walker Bethea, Assis-
tant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated cases, Alan B. Boston appeals his sentence imposed pursuant to a guilty plea for conspiracy to distribute crack cocaine in violation of 21 U.S.C.A. §§ 841(a), 846 (West 1999). Boston's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure during the plea colloquy and whether it erred when calculating Boston's criminal history points for sentencing. Boston filed a supplemental pro se brief contending that the district court erred in finding that the 10.27 grams of drugs he sold in December 1996 were crack cocaine. Also in his supplemental brief, Boston lists several issues which he desires to "preserve" for a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

We initially find that the district court properly complied with the requirements of Rule 11 by informing Boston of the applicable factors outlined in Rule 11(c), by ensuring the voluntariness of Boston's guilty plea, and by inquiring into the factual basis of the plea. See Fed. R. Crim. P. 11(c)-(d), (f). We also find no error in the computation of Boston's criminal history points, as the record demonstrates that the district court correctly calculated them to be eleven and then properly sentenced Boston according to Criminal History Category V.

We next find that the district court did not err when finding the 10.27 grams to be crack cocaine. Contrary to Boston's contention, the Government need not provide expert chemical analysis to prove the identity of a narcotic by a preponderance of the evidence. See United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976). Moreover, two DEA agents testified (one in his affidavit attached to the original

2

complaint and the other during the plea hearing) that chemical analysis of the 10.27 grams revealed the substance to be crack cocaine. Boston also admitted in his objections to the presentence report his responsibility for at least thirty-five grams of crack cocaine. The district court was free to adopt the finding in Boston's presentence report that the 10.27 grams were crack cocaine because Boston failed to object to this finding. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

After reviewing the record as Anders requires, we also find that Boston's "preserved" issues questioning whether he knowingly or intelligently pled guilty and whether the Government violated the plea agreement are both without merit. See Anders v. California, 386 U.S. 738, 744 (1967). Boston develops neither issue and both his plea agreement and statements he made during his plea colloquy refute these claims. Finally, we find that Boston's ineffective assistance of counsel claim is more properly raised on collateral review because the record does not conclusively demonstrate that his counsel rendered ineffective assistance. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). Accordingly, we affirm the district court's judgment.

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED